UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| VAMSI ANDAVARAPU, Individually And On Behalf Of All Others Similarly Situated, Plaintiff, <br><br> v. <br><br> iBIO, INC., ROBERT B. KAY, and ROBERT ERWIN <br>                      Defendants. | Case No.: 14-1343-RGA |

## PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS

### I.    INTRODUCTION

On December 22, 2015, the Court entered the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") (Docket No. 57). On April 21, 2016, the Court entered the Order and Final Judgment ("Final Judgment") (Docket No. 70) and the Order Awarding Plaintiffs' Counsel's Attorneys' Fees, Reimbursement of Expenses, and An Award to Lead Plaintiff (Docket No. 69).

Plaintiffs' Counsel have been advised by the Court-appointed Claims Administrator,[1] Strategic Claims Services ("SCS"), that it has completed all analyses and accounting procedures in connection with the proofs of claim submitted by those persons who responded to the Notice, and has determined which of those persons are Authorized Claimants. *See* Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Declaration") ¶¶ 4-7.

All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. *See* Stipulation at 16-17, Section D(2)(c); Stipulation at 20,

---

[1] All capitalized terms herein, unless otherwise indicated, have the same meaning and definition as given to them in the Stipulation and Agreement of Settlement, dated December 16, 2015 (the "Stipulation") (Docket No. 54).

Section D(13).  Plaintiffs respectfully request that the Court authorize the distribution of the Net Settlement Fund.

## II. DETERMINATION OF AUTHORIZED CLAIMS

### A. Deficient and Ineligible Claims

Pursuant to the Preliminary Approval Order, all claims were to be submitted to the Claims Administrator postmarked no later than March 7, 2016.  Preliminary Approval Order ¶ 19(a).  The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible.  Bravata Declaration ¶ 5.

SCS identified 148 inadequately documented claims.  Bravata Declaration ¶ 5b.  When claims were inadequately documented, SCS sent claimants deficiency notices advising them of the deficiency, and they were given the opportunity to cure the deficiency.  *Id.*  Of the 148 claims initially identified as deficient, 72 have been successfully cured and are now considered valid.  *Id.*  Each of the remaining 76 deficient claimants either did not respond to the deficiency notice, or responded with insufficient documentation.  *Id.*  These claimants were sent a rejection notice explaining the reason(s) for their rejection.  *Id.*  To date, none of these 76 rejected claimants has objected to or contested SCS's determination.  *Id.*

In addition, SCS identified 247 claims that it has recommended for complete rejection. Bravata Declaration. ¶ 5c.  Such claimants were sent rejection notices advising them of SCS's determination.  *Id.*  To date, one claimant has contested its rejection.  *Id.*  SCS has thoroughly reviewed the Claim Form submitted by this claimant (*i.e.* Claim 421).  *Id.*  This claim reports that on October 17, 2014, 39,524 shares were purchased and sold, and on October 20, 2014, 77,538 shares were purchased and sold.  *See* **Exhibit G** annexed to the Bravata Declaration for all documentation submitted with Claim No. 421, the rejection notice mailed, and the email contesting the rejection.  The Court-approved plan of allocation states that the recognized claim

2

is zero for shares purchased and sold between October 6, 2014 and October 19, 2014, inclusive and for shares purchased and sold between October 20, 2014 and October 22, 2014, inclusive. Preliminary Approval Order ¶ 2.  Therefore, this claimant is not a Settlement Class Member as defined in the Stipulation, and thus SCS properly rejected the claim for this reason.

### B. Properly Documented Claims

The Preliminary Approval Order provides that: "A properly completed and executed Proof of Claim and Release must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than seventy-five (75) calendar days from the date of this Order.  Such deadline may be further extended by Order of the Court."  Preliminary Approval Order ¶ 19(a).

SCS identified 618 properly documented valid claims that were received on or before September 14, 2016.  Bravata Declaration ¶ 5a.  These valid claims represent total Recognized Claims of $2,030,720.26.  *Id.*  Class Counsel accepted all late but otherwise valid claims postmarked after March 7, 2016, but received by SCS on or before September 14, 2016, because the untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund to the Class, or otherwise prejudiced any Authorized Claimant.  *Id*. *See In re "Agent Orange" Product Liability Litig.*, 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims".); *see also In re Crazy Eddie Sec. Litig.*, 906 F.Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds).

Plaintiffs respectfully request that the Court approve the 618 properly documented claims as listed in Exhibits B-1, B-2, and B-3 of the Bravata Declaration.

## III. DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to the Stipulation and the Plan of Allocation authorized by the Court's Final Judgment, "The Claims Administrator shall administer and calculate the claims that shall be allowed and oversee distribution of the Net Settlement Fund, under the supervision of Plaintiffs' Counsel, and subject to review by, and jurisdiction of, the Court." *See* Stipulation at 16, Section D(1). However, pursuant to the Stipulation: "If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to nonsectarian, not-for-profit, 50l(c)(3) organization(s) designated by Plaintiffs' Counsel." Stipulation at 20-21, Section D(13).

## IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court decide the instant Motion on the papers, and approve and enter the [Proposed] Order concerning distribution.

|  |  |
|---|---|
| Dated: October 5, 2016 | **RIGRODSKY & LONG, P.A.** |

By: */s/ Brian D. Long*
    Seth D. Rigrodsky (#3147)
    Brian D. Long (#4347)
    Gina M. Serra (#5387)
    2 Righter Parkway, Suite 120
    Wilmington, DE 19803
    Telephone: (302) 295-5310
    Facsimile: (302) 654-7530
    Email: sdr@rl-legal.com
    Email: bdl@rl-legal.com
    Email: gms@rl-legal.com

*Liaison Counsel for Plaintiffs*

**OF COUNSEL:**

**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen
Phillip Kim
Sara Fuks
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenelgal.com
Email: sfuks@rosenlegal.com

*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was forwarded to all counsel of record through the Court's ECF system on October 5, 2016.

>   */s/ Brian D. Long*
>   Brian D. Long (#4347)